UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT T. SIMMONS

                        Plaintiff,                        Case # 15-CV-6427-FPG

v.                                                               DECISION AND ORDER

WEGMANS FOOD MARKETS, INC., and
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 118,

                       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Robert T. Simmons ("Plaintiff") brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-(e)(17) ("Title VII") against his former employer, Wegmans Food Markets, Inc. ("Wegmans") and his former union, International Brotherhood of Teamsters, Local 118 ("Teamsters"). ECF No. 1. Both Defendants have moved to dismiss the Complaint on several grounds. ECF Nos. 3, 4. In addition, Plaintiff has filed a motion alleging that he has new information, and seeking this Court's recusal. ECF No. 9. Because the Complaint fails to state a plausible claim upon which relief could be granted, Defendants' respective motions to dismiss the Complaint are both GRANTED. Plaintiff's supplemental motion (ECF No. 9) is without merit, and is DENIED.

## BACKGROUND

The facts are drawn from the Plaintiff's Complaint and its attached documents, and in light of Plaintiff's *pro se* status, the Court has also considered Plaintiff's letter dated August 18, 2015 (ECF No. 8), which was filed in opposition to Defendants' respective motions to dismiss.

As it must for purposes of this motion, the Court assumes all well pleaded facts in the Complaint to be true.

## I.   *Incident Giving Rise to Plaintiff's Complaint*

On February 12, 2014, Plaintiff was employed by Wegmans. ECF No. 1 at 1. Plaintiff was working as a "lumper," which involved unloading Wegmans' distributors' trucks, and "lumping" was offered to qualifying employees by Wegmans as an opportunity to earn extra money. *Id.* at 10.

On that date, Plaintiff alleges that "an altercation [ ] occurred between [himself] and a co-worker, Anthony Wells." Specifically, Plaintiff asserts that Wells came into work one day when he was not supposed to, and Plaintiff told Wells that he should be "allowed to do the same." *Id.* Wells was "displeased with this conversation and said he would do . . . as he pleased," which Plaintiff perceived as a "showing [of Wells'] authority, favoritism, and use of his tenure, as he has been there longer than I [had]." *Id.* Plaintiff appears to allege that Wells was granted the privilege of working on the days he elected based upon his longer tenure with Wegmans, a privilege that Plaintiff believes he was unfairly denied. *See id.*

After his conversation with Wells, Plaintiff went to unload a truck. Plaintiff alleges that Wells then went to the supervisors' office "knowing that Supervisor [Joseph] Caruso, a friend of his, was still there" to report Plaintiff's conduct to security. *Id.* After calling security, Wells followed Plaintiff to the loading dock where he "continued . . . the altercation." *Id.* at 11. Security then arrived, followed by Caruso. *Id.* Caruso asked Plaintiff to leave. *Id.* Before leaving, Plaintiff asked security whether there would be any problems with Wegmans as a result of the incident. Plaintiff was told it would likely be investigated, but that he "should not be fearful of termination." *Id.*

## II. *Termination of Plaintiff's Employment and Subsequent Events*

The next day, February 15, 2014, Plaintiff was informed that his employment with Wegmans was suspended until further notice. *Id.* On February 20, 2014, Plaintiff's employment was terminated. *Id.* Plaintiff's employment was terminated because Wegmans determined that Plaintiff violated its Workplace Threats and Violence policy by threatening Wells. *See* ECF No. 1 at 14. Plaintiff denies ever threatening anyone. *Id.* Teamsters, Plaintiff's union, filed a grievance on Plaintiff's behalf, but ultimately declined to take that grievance to arbitration because it had lost similar cases in the past. *See id.* at 13.

## III. *Plaintiff's Complaints with NYSDHR*

On November 25, 2014, Plaintiff filed two separate complaints with the New York State Division of Human Rights ("NYSDHR") against Teamsters and Wegmans. Plaintiff's original NYSDHR complaints are not part of the record, but NYSDHR's subsequent Determinations and Orders, which reference the NYSDHR complaints, are attached to Plaintiff's Complaint in this case. *See* ECF. No 1 at 9, 13, 14.[1] In both of his NYSDHR complaints, Plaintiff alleged unlawful discriminatory employment practices based upon his age and arrest record in violation of N.Y. Exec. Law, art. 15. ECF No. 1 at 13, 14. Plaintiff premised his age discrimination claims not on the theory that he was older than Wells, but rather, that he was younger. ECF No. 8 at 1 ( Plaintiff "went with age discrimination as Mr. Wells was older and his tenure was longer which cause[d] [Wegmans and Teamsters] to believe his story. (A form of favoritism)").

## IV. *Plaintiff's Complaint*

---

[1] These documents do not appear on the docket in chronological order. ECF No. 1 at 13 is the first page of NYSDHR's Determination and Order pertaining to Plaintiff's NYSDHR complaint against Teamsters. ECF No.1 at 9 is the second page of that Determination and Order, and ECF No. 1 at 14 is the first page of NYSDHR's Determination and Order pertaining to Plaintiff's NYSDHR complaint against Wegmans. The second page of that Determination and Order is not part of the record.

Plaintiff's Complaint in this action was filed on July 13, 2015. ECF No. 1. Plaintiff used a Discrimination Complaint form designed to aid *pro se* litigants in making the necessary allegations to state a federal discrimination claim. *See id*. That form contains a series of checkboxes and numbered questions. The first section prompts plaintiffs to indicate by checkmark the laws under which the employment discrimination action is being brought. *See id*. Plaintiff checked the line indicating that the action is being brought under Title VII of the Civil Rights Act of 1964. *Id.* Plaintiff did not check the line next to the Age Discrimination in Employment Act of 1967. *Id.* Item number 13 contains a checklist of the types of adverse employment actions complained about. *Id.* Plaintiff checked off item 13(c), "termination of my employment;" item 13(h), "Retaliation because I complained about discrimination or harassment toward me;" and item 13(j), "other actions," which includes several lines for a description. *Id.* at 4. In those lines, Plaintiff wrote "favoritism because of tenure." *Id.* Plaintiff did not check anything under item number 14, which prompts plaintiffs to check off the basis of the alleged discriminatory conduct. *Id.* Item 14 specifically and separately lists discrimination with respect to race, color, sex, religion, national origin, sexual harassment, age, or disability, with a space for a checkmark next to each. *Id.* Instead of checking any of these categories, Plaintiff wrote "N/A." *Id.* Item number 20 is addressed specifically to litigants alleging age discrimination. *Id.* at 5. Plaintiff left this item blank. *See id.*

Item number 19 prompts plaintiffs to "state . . . as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*." *Id.* (emphases in original). In that section, Plaintiff wrote the following:

> 1) Wegmans – wrong [sic] termination 2/20/14 2) Wegmans – unlawful labor practices 2/12/14 3) Wegmans – censure by favoritism 2/12/14

>    1) Teamsters Local 118 – Failure to Investigate – 2/12/14 through now 2) Teamsters Local 118 – Misrepresentation

*Id.*

## **DISCUSSION**

Both Wegmans and Teamsters have separately moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and under Fed. R. Civ. P. 12(b)(4) for insufficient service of process. Because Plaintiff is proceeding *pro se*, the Court is reluctant to emphasize Defendants' alleged procedural deficiencies regarding service of process. Instead, the Court will focus on the Plaintiff's failure to state a claim upon which relief could be granted.

### I.    The Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 679.

In determining the Motion, the Court deems Plaintiff's Complaint to include all written instruments attached to it as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991). In addition, the Court liberally construes Plaintiff's Complaint to include his letter to the Court dated August 18, 2015 (ECF No. 8). *See Anderson v. Buie*, No. 12-CV-6039-

FGP 2015 WL 9460146, at *13 (W.D.N.Y. Dec. 23, 2015) ("Although material outside a complaint generally is not to be taken into consideration on a motion to dismiss, the policy reasons favoring liberal construction of *pro se* complaints permit a court to consider allegations of a pro se plaintiff in opposition papers on a motion where, as here, those allegation are consistent with the complaint.").

Plaintiff brings this claim against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)-(e)(17). To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show by a preponderance of the evidence that: 1) he is a member of a protected class; 2) he was performing his duties satisfactorily; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination based on his membership in a protected class. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000) (citing *Chambers v. TMR Copy Centers Corp.,* 43 F.3d 29, 37 (2d Cir. 1994) (internal citations omitted)).

## II.   Wegmans Food Markets, Inc., Title VII Claim

Plaintiff cannot establish a *prima facie* case of employment discrimination against Wegmans under Title VII. Even under the most liberal reading of his Complaint, Plaintiff has not alleged membership in a protected class. Title VII of the Civil Rights Act of 1964 provides, in pertinent part, that it shall be unlawful for an employer

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2(a)(1).

In determining whether Plaintiff has alleged membership in a protected class, the Court first looks to the face of the Complaint. In item number 13(j), Plaintiff alleged that he was complaining of "favoritism because of tenure" which, in the absence of additional underlying facts, is not related to race, color, religion, sex, or national origin. *See id.* at 4. In item number 14, which prompts litigants to check off the basis of the discriminatory conduct—and includes race, color, sex, religion, and national origin as separate sub-items, the Plaintiff wrote "n/a," meaning "not applicable." *See id.*

In addition to considering the underlying facts of Plaintiff's claims, and because Plaintiff is proceeding *pro se*, the Court has searched the record for any allegation that Plaintiff belongs to a protected class. That search has revealed no such allegations. Instead, Plaintiff alleges that Wegmans discriminated against him by "wrong [sic] termination," "unlawful labor practices," and "censure by favoritism." *Id.* at 5. These conclusory allegations do not provide a plausible basis for the Court to conclude that Plaintiff belongs to any protected class.

The only plausible allegations in Plaintiff's Complaint make clear that Plaintiff alleges that Wegmans discriminated against him based on age, arrest record, and/or his union affiliation when it terminated his employment. But even if Plaintiff's allegations of discrimination based on age, arrest record, and/or union affiliation are true, these forms of discrimination are not prohibited under Title VII. *See* 42 U.S.C.A. § 2000e-2(a)(1) (protecting against employment discrimination "because of . . . race, color, religion, sex, or National Origin").

Because Plaintiff is proceeding *pro se,* the Court will also consider his age discrimination claim as brought under the Age Discrimination in Employment Act ("ADEA") of 1967. But even assuming that Plaintiff properly exhausted his administrative remedies and filed suit under the ADEA, his claim still fails because he has not alleged, in his Complaint or otherwise, that he

7

is at least 40 years old[2]. *See* 29 U.S.C. § 631(a) (limiting protection under the ADEA "to individuals who are at least 40 years of age"). Further, even assuming that Plaintiff is at least 40 years old, the Supreme Court has held that "the text, structure, purpose, and history of the ADEA, along with its relationship to other federal statutes . . . does not mean to stop an employer from favoring an older employee over a younger one"). *Gen. Dynamics Land Sys., Inc., v. Cline*, 540 U.S. 581, 600 (2004). This type of "reverse age discrimination" for which the Supreme Court has held plaintiffs are *not* protected under the ADEA is exactly the type of age discrimination Plaintiff alleges. *See* ECF No. 8 at 1 (where Plaintiff states that he "went with age discrimination as Mr. Wells was older and his tenure longer which cause [sic] [Wegmans] to believe his story").

Even under the most liberal reading of Plaintiff's Complaint, Plaintiff has failed to state a plausible claim against Wegmans under either Title VII of the Civil Rights Act of 1964 or the ADEA. As a result, Wegmans' Motion to Dismiss the Complaint under Rule 12(b)(6) as against it (ECF No. 3) is GRANTED.

### III.    Wegmans Food Markets, Inc., Retaliation Claim

Plaintiff's form Complaint also indicates that he is complaining of "retaliation because I complained about discrimination or harassment directed toward me." ECF No. 1 at 4. To establish a *prima facie* case for retaliation, a plaintiff must allege that: 1) he engaged in a protected activity; 2) the employer was aware of this activity; 3) the employer took an adverse employment action against him; and 4) a causal connection exists between the alleged adverse action and the protected activity. *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011).

---

[2]    In its papers, in fact, Wegmans asserts that Plaintiff is approximately 28 years old. In Plaintiff's letter to this Court, which was technically filed as an opposition to Defendants' respective Motions to Dismiss, Plaintiff does not dispute this assertion.

Plaintiff has failed to establish a *prima facie* case for retaliation because there is no allegation that he engaged in any protected activity, namely, that he complained about any alleged discrimination or harassment before his termination. At best, after Caruso asked Plaintiff to leave following his altercation with Wells, Plaintiff "talked with security to make sure that there were no unforeseen problems about my leaving or that this encounter would be a problem with Wegmans." ECF No. 1 at 11. Notably, Plaintiff spoke only with security, and not with Caruso, who was the supervisor on duty. Further, this complaint cannot reasonably be construed as a complaint regarding discrimination or harassment. Plaintiff did not complain of any alleged discrimination or harassment until he filed his complaints with NYSDHR on November 25, 2014, which was 11 days after the incident at issue, and five days after his employment was terminated. *See* ECF No. 1 at 5, 13, 14.

For these reasons, Wegmans' Motion to Dismiss the Complaint (ECF No. 4) under Rule 12(b)(6) regarding Plaintiff's retaliation claim against it is also GRANTED.

### IV.     Teamsters Local 118

Plaintiff's allegations against Teamsters are virtually identical to his allegations against Wegmans. *See* ECF No. 1 at 1, 13-14. Both claims arise from the same facts and circumstances surrounding Plaintiff's February 12, 2014 altercation with Wells and the subsequent termination of Plaintiff's employment, with an identical allegation of "favoritism because of tenure." *See* ECF No. 1 at 4. Accordingly, for the same reasons stated above with regard to Plaintiff's Title VII and/or ADEA and retaliation claims against Wegmans, Teamster's Motion to Dismiss the Complaint (ECF No. 3) under Rule 12(b)(6) regarding Plaintiff's Title VII and/or ADEA and retaliation claims is similarly GRANTED.

The only unique claim Plaintiff brings against Teamsters is that it violated its duty of fair representation. *See* ECF No. 1 at 5 (where Plaintiff alleges "failure to investigate" and "misrepresentation" against Teamsters). After Plaintiff's employment was terminated, Teamsters filed a grievance on Plaintiff's behalf, but declined to take that grievance to arbitration. ECF No. 1 at 13.

Teamsters argues that Plaintiff's claim against it for breach of duty of fair representation is untimely. *See Decostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 170 (1983) (holding that the six-month statute of limitations period found in the National Labor Relations Act for claims of unfair labor practices is the statute of limitations applicable to an employee's action against his union for a breach of the duty of fair representation). *See* ECF No. 3-4 at 5-6. NYSDHR's Determination and Order establishes that Plaintiff was aware that Teamsters declined to take his grievance to arbitration in November 2014, but Plaintiff did not file his Complaint in this action until approximately eight months later on July 21, 2015. *See* ECF No 1. As a result, Plaintiff's Complaint as against Teamsters is untimely, and Teamsters' Motion to Dismiss the Complaint (ECF No. 3) on that basis regarding Plaintiff's claim for breach of duty of fair representation is also GRANTED.

### V. Plaintiff's Supplemental Motion

Plaintiff has also filed a supplemental motion, that appears to (1) ask the Court to take new facts into account, and (2) seek the Court's recusal. The new allegation that Plaintiff brings to the Court's attention is that "Wegmans no longer has 'lumping as an employment incentive/option." ECF No. 9 at 1. Even assuming that this statement is true, it has no bearing on the outcome of the motions to dismiss, and does not cure the fatal defects in Plaintiff's Complaint.

Regarding recusal, Plaintiff alleges that "I believe there may be collusion between the Court and Wegmans because of the 'intimate relationship' they have. Therefore, is a 'change of venue' possible? I once had a case in front of Judge Frank Geraci and feel that he may be biased." ECF No. 9 at 4. The Court construes the request for a change of venue to actually be a request for recusal under 28 U.S.C. §455. Plaintiff's unsupported and wholly conclusory allegations do not provide a basis for recusal. This Court has no relationship with Wegmans that would require recusal, nor is there any reasonable basis to question the impartiality of the Court in this matter. As a result, Plaintiff's supplemental Motion (ECF No. 9) is DENIED.

## CONCLUSION

For the reasons stated above, Wegmans' and Teamsters' respective Motions to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) (ECF Nos. 3, 4) are GRANTED, and Plaintiff's supplemental Motion (ECF No. 9) is DENIED. This case is hereby DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:     September 26, 2016
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court